

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-9-2005

# USA v. Aikens

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2394

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Aikens" (2005). *2005 Decisions.* Paper 717.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/717

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-319

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2394
_____

UNITED STATES OF AMERICA

v.

PHILIP AIKENS
a/k/a
FROGGY

Philip Aikens,

Appellant

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. No. 01-cr-00335)
District Judge: Honorable Jan E. Dubois
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
July 28, 2005

Before: SLOVITER, FUENTES AND NYGAARD*, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed: August 9, 2005)

_____

OPINION

_____

*Honorable Richard L. Nygaard assumed senior status on July 9, 2005.

PER CURIAM

Appellant Philip Aikens, a federal prisoner, appeals the order of the United States District Court for the Eastern District of Pennsylvania denying his motion under 28 U.S.C. § 2255 to vacate his sentence. We will affirm the District Court's order.

After a jury trial, Aikens was convicted of theft of an interstate shipment and aiding and abetting, conspiracy to interfere with interstate commerce by robbery, interference with interstate commerce by robbery and aiding and abetting, brandishing a firearm during and in relation to a crime of violence and aiding and abetting, and willful failure to appear before the court. Aikens was sentenced to 156 months of imprisonment in the aggregate, plus supervised release, a special assessment, and restitution. This Court affirmed the conviction and sentence on May 14, 2003.

Aikens then filed a motion under 28 U.S.C. § 2255 to vacate his sentence, contending that he was sentenced in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), in light of Blakely v. Washington, 542 U.S. 296 (2004), which was decided after Aikens's conviction became final. Specifically, Aikens claimed that his Sixth Amendment right to a jury trial was violated because his sentence was increased on the basis of judicial fact-finding using a preponderance of the evidence standard, rather than upon submission of evidence for the facts supporting the sentencing enhancements to be found beyond a reasonable doubt by the jury. By memorandum and order entered on

February 28, 2005, the District Court denied the section 2255 motion. Recognizing that Aikens's claim was governed by United States v. Booker, 125 S. Ct. 738 (2005), which applied the Blakely rule to the United States Sentencing Guidelines, the District Court concluded that Booker was not retroactive to cases on collateral review. The District Court granted a certificate of appealability as to Aikens's sentencing claim.

After Aikens filed his notice of appeal, we decided Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005). We then asked the parties to submit written argument in support of, or in opposition to, summary affirmance. The appellee has responded.

We held in Lloyd that the rule announced in Booker is a new rule of criminal procedure that is not retroactively applicable to cases on collateral review. Lloyd, 407 F.3d 608. Thus, Aikens is not entitled to relief under Booker. Because this appeal presents "no substantial question," see 3d Cir. LAR 27.4 and I.O.P. 10.6, we will summarily affirm the District Court's order denying Aikens's section 2255 motion.